Filed 4/17/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LAKEESHA LYLES, | B247929 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC487275) |
| v. | |
| DENISE SANGADEO-PATEL, as Trustee, etc., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Suzanne G. Bruguera, Judge. Affirmed.

Law Offices of Morse Mehrban, Morse Mehrban for Plaintiff and Appellant.

Laurence H. Lishner for Defendants and Respondents.

## INTRODUCTION

Plaintiff and appellant Lakeesha Lyles, tenant of a rent-controlled apartment, brought an action against her landlords, defendants and respondents Denise Sangadeo-Patel individually and Denise Sangadeo-Patel in her capacity as trustee of the Denise Sangadeo-Patel Trust. Plaintiff alleged various causes of action seeking damages and restitution premised on defendants' alleged failure to serve her with a copy of a valid rental unit registration statement or annual rental unit registration renewal statement from the Los Angeles Housing and Community Investment Department (Department), as required by Los Angeles Municipal Code (LAMC) section 151.05, subsection A. That provision is part of a rent control law. The trial court granted defendants' demurrer to plaintiff's first amended complaint. Plaintiff elected not to amend the first amended complaint, stipulated that the trial court could enter judgment, and appealed from that judgment. We do not interpret the ordinance on which plaintiff's claims depend to provide for the remedies sought by plaintiff. We affirm.

## BACKGROUND

In her first amended complaint, plaintiff asserted causes of action for violation of the Los Angeles Rent Stabilization Ordinance (LARSO), violation of Civil Code section 1947.11 (section 1947.11), unjust enrichment, and violation of Business and Professions Code section 17200 (section 17200) (the unfair competition law). Lyles based each cause of action on the allegations that from October 1, 2003, she had been the tenant and lessee of, and defendants had been the owners and lessors of, a unit in a four unit building on Garthwaite Avenue in Los Angeles; during the term of her occupancy, defendants failed to serve her with a copy of a valid rental unit registration statement or annual rental unit registration renewal statement from the Department as required by LAMC section 151.05, subsection A.; from October 1, 2003, defendants had collected from her at least $77,709 in rent; on June 6, 2012, she served defendants with a demand under section 1947.11 for a refund of that $77,709 in rent; and defendants refused to comply with her

demand.  Plaintiff sought restitution in the amount of $77,709, and, as provided by law, treble damages, in the amount of $233,127.

Defendants demurred to plaintiff's first amended complaint on the ground that it did not state facts sufficient to state a cause of action.[1]  The trial court sustained defendants' demurrer and granted plaintiff five days to amend her first amended complaint.  Plaintiff declined to amend, and she and defendant stipulated, pursuant to Code of Civil Procedure section 581, subdivision (f)(2), that the trial court could dismiss her action and enter judgment for defendants.

## DISCUSSION

### A.      Standard of Review

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules.  'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.]  We also consider matters which may be judicially noticed.'  [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.]"  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; see *McCall v. PacifiCare of*

---

[1]      Defendants filed their demurrer to plaintiff's original complaint.  Plaintiff subsequently filed her first amended complaint, which differed from the original complaint only by the addition of the cause of action for violation of section 17200 (which cause of action was based solely on the allegations stated in the original complaint).  The parties stipulated that the trial court could treat the demurrer to the original complaint as a demurrer to the first amended complaint.

3

*Cal., Inc.* (2001) 25 Cal.4th 412, 415 ["we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose"]; see *People Ex. Rel. Kennedy v. Beaumont Investment, Ltd.* (2003) 111 Cal.App.4th 102, 113 (*Beaumont*) ["Interpretation of the municipal rent control ordinance presents a question of law for our independent review"].)

When, as here, a demurrer to a complaint is sustained with leave to amend and the plaintiff declines to amend the complaint, the plaintiff may challenge the trial court's ruling on appeal from the subsequent dismissal of the action. (*Alfaro v. Community Housing Improvement System & Planning Assn., Inc.* (2009) 171 Cal.App.4th 1356, 1372.) On appeal, we assume the complaint contained the strongest statement of the plaintiff's cause or causes of action. (*Ibid.*) Thus, unlike when a demurrer is sustained without leave to amend, we determine only whether the plaintiff stated a cause of action, and not whether plaintiff might be able to do so. (*Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1091, abrogated on another ground in *Martinez v. Combs* (2010) 49 Cal.4th 35, 62-66.)

## B.    Rules of Interpretation

We interpret ordinances using the same rules of interpretation applicable to statutes. (*Beaumont, supra,* 111 Cal.App.4th at p. 113.) In interpreting a statute, words "should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . . [Citations.]" (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.) "Courts do not examine statutory language 'in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment.' [Citation.] We are required to construe a provision 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness' [citation] and to avoid an

4

interpretation that renders language a nullity [citation]." (*May v. City of Milpitas* (2013) 217 Cal.App.4th 1307, 1336.)

Our Supreme Court has said, "Where the interpretation claimed leads to injustice, oppression or to absurd consequences, the general terms used in a statute will be limited in their scope so as to avoid such a result." (*People v. Ventura Refining Co.* (1928) 204 Cal. 286, 290.) The court has added that it is "'presumed the Legislature intended reasonable results consistent with its expressed purpose, not absurd consequences.'" (*Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 235.) Even "the literal meaning of the words may be disregarded to avoid absurd results." (*California School Employees Assn. v. Governing Bd. Of South Orange County Community College Dist.* (2004) 124 Cal.App.4th 574, 588.)

### C.  Application of Relevant Laws and Legal Principles

#### 1.  The LARSO[2]

The LARSO provides for the maximum rent that can be charged tenants. It is a so-called rent control ordinance.[3] LAMC section 151.05, subsection A. states in relevant part that "no landlord shall demand or accept rent for a rental unit without first serving a copy of a valid [rental unit] registration or annual [rental unit] registration renewal statement on the tenant of that rental unit." Under LAMC section 151.11, subsection B., a tenant may withhold rent otherwise lawfully due and owing if the tenant's landlord has failed to comply with LAMC section 151.05, subsection A. by not serving the tenant with a copy of a valid rental unit registration or annual rental unit registration renewal statement. Once the landlord complies with LAMC section 151.05, subsection A., however, the tenant becomes obligated to pay the current rent and any back rent withheld pursuant to LAMC section 151.11, subsection B.

---

[2]  LAMC sections 151.00 through 151.30.

[3]  See *Santa Monica Beach, Ltd. v. Superior Court* (1999) 19 Cal.4th 952, 957.)

LAMC section 151.10, subsection A. provides a remedy when a landlord has charged excessive rent in violation of the LARSO. LAMC section 151.10, subsection A. provides, "Any person who demands, accepts or retains any payment of rent in excess of the maximum rent or maximum adjusted rent in violation of the provisions of this chapter, or any regulations or orders promulgated hereunder, shall be liable in a civil action to the person from whom such payment is demanded, accepted or retained for damages of three times the amount by which the payment or payments demanded, accepted or retained exceed the maximum rent or maximum adjusted rent which could be lawfully demanded, accepted or retained together with reasonable attorneys' fees and costs as determined by the court."

Plaintiff argues that the language of LAMC section 151.05, subsection A. is not ambiguous or open to interpretation. She contends that the unambiguous meaning of the section is that "[u]nless a landlord serves the referenced document on the tenant, he is not entitled to *any rent*"—that is, the "maximum rent" the landlord may charge is zero. Because, under this interpretation, defendants were not permitted to charge her any rent, plaintiff contends she is entitled to damages under LAMC section 151.10, subsection A. of three times the rent she paid—$233,127. We do not agree with plaintiff's interpretation of LAMC section 151.05, subsection A.

The language in LAMC section 151.05, subsection A. that a landlord may not "demand or accept rent for a rental unit without first serving a copy of a valid [rental unit] registration or annual [rental unit] registration renewal statement on the tenant of that rental unit" does not concern a landlord's entitlement to rent. It does not disentitle a landlord to rent for a period during which the landlord is not in compliance with LAMC section 151.05, subsection A. Instead, it concerns the timing of a landlord's "demand" or "acceptance" of rent to which the landlord remains entitled.

LAMC section 151.05, subsection A. prohibits a landlord from "demanding" or "accepting" rent *to which the landlord is otherwise entitled* until the landlord serves the tenant with a copy of a valid rental unit registration or annual rental unit registration renewal statement. LAMC section 151.11, subsection B. makes this point clear.

6

Subsection B. of LAMC section 151.11 permits a tenant to "withhold the payment of any rent otherwise lawfully due and owing" if the tenant's landlord has failed to comply with LAMC section 151.05, subsection A. by not serving the tenant with copy of a valid rental unit registration or annual rental unit registration renewal statement. Once such a noncompliant landlord complies with LAMC section 151.05, subsection A., however, the tenant becomes obligated to pay the current rent and any back rent withheld pursuant to LAMC section 151.11, subsection B. Thus, the tenant is permitted to withhold rent to which the landlord is otherwise entitled until the landlord complies with LAMC section 151.05, subsection A., at which time the tenant must pay the landlord all accrued rent. The penalty provision of LAMC section 151.10, subsection A. applies only when a landlord "demands, accepts or retains any payment of rent in excess of the maximum rent . . . in violation of the provisions of this chapter." The maximum rent is that allowed by the rent control provisions of the LARSO. Defendants may have violated the ordinance by accepting the rent at a time when the documents had not been served. But that does not mean that defendants were not ultimately entitled to that rent.

Plaintiff argues that *Carter v. Cohen* (2010) 188 Cal.App.4th 1038 (*Carter*) supports her claim that defendants were not entitled to rent for the period during which they were not in compliance with LAMC section 151.05, subsection A. Plaintiff states that, like her, the tenant plaintiff in *Carter* "sued the landlord defendant to recover the rent she had paid him because she was never served a copy of a valid registration or annual registration renewal statement for the unit, in violation of Section 151.05(A)." Plaintiff contends that "*Carter* answered the question posed by [defendants'] demurrer, *i.e.*, what is the 'maximum rent' or 'maximum adjusted rent' recoverable by the landlord if she fails to comply with Section 151.05(A)? Following the explicit language of Section 151.05(A), the court held that, if a landlord violates the subdivision, 'the baseline maximum rent is $0, for purposes of determining the "maximum adjusted rent."' (*Carter, supra,* 188 Cal.App.4th at p. 1051, fn. 7.)"

Plaintiff mischaracterizes the nature of the dispute in *Carter, supra,* 188 Cal.App.4th 1038 and its holding. The Court of Appeal in *Carter* did not consider

whether a tenant may recover any or all of the rent paid for a period during which the tenant's landlord was not in compliance with LAMC section 151.05, subsection A. due to the landlord's failure to serve the tenant with a copy of a valid rental unit registration or annual rental unit registration renewal statement. The court expressly limited its holding to whether the tenant was entitled to recover the amount of rent she paid in excess of the rent permitted under the LARSO, even though the unit she rented lacked a certificate of occupancy and was not registered under the LARSO. (*Carter, supra,* 188 Cal.App.4th at pp. 1046-1047.) The court held that the provisions of the LARSO applied to the unit the tenant rented, and that the tenant could recover the *excess* rent payments. (*Ibid.*)

In footnote 7 of its opinion in *Carter, supra,* 188 Cal.App.4th 1038, the Court of Appeal did not, contrary to plaintiff's assertion, address LAMC section 151.05, subsection A., and did not hold that if a landlord violated that subsection "'the baseline maximum rent is $0, for purposes of determining the "maximum adjusted rent."'" Instead, the language that plaintiff quotes incompletely concerned the landlord's argument that because the LARSO "defines 'maximum rent' in terms of 'legal' rent, the [LARSO] does not bar landlords from collecting rent arising from unlawful agreements of the sort present here." (*Carter, supra,* 188 Cal.App.4th at p. 1051, fn. 7.) The court observed that when, as in the case before it, "there was no 'legal' rent, the *sole* implication of the [LARSO's] definition of 'maximum rent' appears to be that the baseline maximum rent is $0, for purposes of determining the 'maximum adjusted rent.' [The landlord's] argument thus suggests that his liability for excessive rent payments was potentially greater than the trial court determined it to be." (*Ibid.*) The court did not reach the issue suggested by the landlord's argument, however, because the tenant had not challenged the trial court's ruling concerning the amount of the "maximum rent." Instead, the court concluded "only that nothing in the definition of 'maximum rent' exempted [the landlord] from the [LARSO's] prohibition regarding the collection of excess rent." (*Ibid.*)

The idea that the failure of the landlord to serve a copy of a registration statement upon the tenant would lead to a forfeiture of all rent, thereby allowing the tenant to reside

8

rent free in a unit and recover a treble damage penalty, would be an absurd and unreasonable consequence. The ordinance is part of a rent control provision. If a landlord violates the rent control law by charging excessive rent, then sanctions make sense. But the City Council could not have meant to impose such severe sanctions for failure to serve annually a registration statement. Until the registration statement is sent, allowing the withholding of rent appears to be the incentive provided by the City Council.

### 2. Section 1947.11

Section 1947.11, subdivision (a) provides as follows: "In any city, county, or city and county which administers a system of controls on the price at which residential rental units may be offered for rent or lease and which requires the registration of rents, upon the establishment of a certified rent level, any owner who charges rent to a tenant in excess of the certified lawful rent ceiling shall refund the excess rent to the tenant upon demand. If the owner refuses to refund the excess rent and if a court determines that the owner willfully or intentionally charged the tenant rent in excess of the certified lawful rent ceiling, the court shall award the tenant a judgment for the excess amount of rent and may treble that amount. The prevailing party shall be awarded attorney's fees and court costs."

Plaintiff contends that her cause of action for violation of section 1947.11 stated facts sufficient to constitute a cause of action because defendants were not entitled to collect any rent from her due to their failure to comply with LAMC section 151.05, subsection A. Thus, plaintiff argues, under section 1947.11, she was entitled, at a minimum, to the return of all rent she paid. Because, as we held above, defendants' noncompliance with LAMC section 151.05, subsection A. did not disentitle defendants to the rent they collected from plaintiff, defendants did not charge plaintiff rent "in excess of the certified lawful rent ceiling." Thus, plaintiff failed to state facts sufficient to constitute a cause of action for violation of section 1947.11.

9

### 3. *Unjust Enrichment*

"The elements for a claim of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another.' [Citation.] 'The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched.' [Citation.]" (*Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105, 1132.)

Plaintiff contends that defendants were unjustly enriched by the rent they collected from her because they were not entitled to collect any rent due to their failure to comply with LAMC section 151.05, subsection A. As set forth above, plaintiff's theory that LAMC section 151.05, subsection A. disentitled defendants to rent for the period during which they were not in compliance with the section fails. Accordingly, because defendants remained entitled to the rent they collected, even though they were not in compliance with LAMC section 151.05, subsection A., they did not receive a benefit at plaintiff's expense that they unjustly retained. Plaintiff failed to state facts sufficient to constitute a cause of action for unjust enrichment. (*Prakashpalan v. Engstrom, Lipscomb & Lack, supra,* 223 Cal.App.4th at p. 1132.)

### 4. *Section 17200*

Section 17200 defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with [Business and Professions] Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Generally, a prevailing plaintiff in a section 17200 action is limited to injunctive relief and restitution. (*Zhang v. Superior Court* (2013) 57 Cal.4th 364, 369.) On appeal, plaintiff states that "survival" of her section 17200 cause of action for unfair competition—i.e., whether her cause of action stated facts sufficient to constitute a cause of action under her theory of a section 17200 violation—"is dependent upon a finding that her remaining causes of action are viable." Because, as we held above, plaintiff failed to state facts sufficient to

constitute her specific cause of action for a violation of the LARSO—or a violation of section 1947.11,[4] plaintiff, under her theory, failed to state facts sufficient to constitute a cause of action for violation of section 17200.  Moreover, plaintiff did not request an injunction, and, because LAMC section 151.05, subsection A. does not disentitle a landlord to rent for a period during which the landlord is not in compliance with LAMC section 151.05, subsection A., plaintiff was not entitled to restitution, which is the monetary remedy provided by section 17200.  (See *Zhang v. Superior Court, supra,* 57 Cal.4th at p. 369.)

## DISPOSITION

The judgment is affirmed.  Defendants are awarded their costs on appeal.

**CERTIFIED FOR PUBLICATION**


MOSK, J.


We concur:


TURNER, P. J.


KRIEGLER, J.

---

**4**     Notwithstanding plaintiff's statement that survival of her section 17200 depends on the viability of her remaining causes of action—i.e., violation of the LARSO, violation of section 1947.11, and unjust enrichment—her argument that she stated a valid section 17200 cause of action does not rest on the existence of her unjust enrichment cause of action.