Filed 1/12/21  Barboza v. Osuna CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MIGUEL BARBOZA, | B303651 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC706832) |
| v. | |
| ELENA OSUNA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Elaine Lu, Judge.  Affirmed.

LOSMP and Shane M. Popp for Defendant and Appellant.

The Law Office of Marcus Gomez and Marcus Gomez for Plaintiff and Respondent.

_____

## SUMMARY

Plaintiff sued defendant under the rent stabilization ordinance of the City of Los Angeles (L.A. Mun. Code, §§ 151.00 et seq.) for excessive collection of rent during 2011 and 2012. After a bench trial, the court rejected defendant's assertion the statute of limitations barred the claim, ruling the delayed discovery rule applied to toll the statute. The court found defendant collected $6,930 of rent in excess of the maximum rent, and awarded plaintiff three times that amount as provided under the ordinance. (§ 151.10, subd. A.) (All unidentified section references are to the rent stabilization ordinance.)

Defendant appeals, contending the delayed discovery rule does not apply, plaintiff did not prove unlawful collection of rent under the rent stabilization ordinance, and the trial court erred in calculating damages. None of these claims has merit, so we affirm the judgment.

## FACTS

Since at least 2008, plaintiff Miguel Barboza lived in a "rear home"—a garage unit at the rear of a property on 7th Street in Los Angeles. There was no permit for the garage unit, and there is no evidence it was registered under the rent stabilization ordinance.

In 2008, plaintiff paid $600 a month in rent to his father. At some point, plaintiff's sister, defendant Elena Osuna, took charge of managing the property, and in 2011 she raised plaintiff's rent to $900 a month. Plaintiff paid approximately $900 a month during 2011 and the first 10 months of 2012. After a family discussion, the rent went back down to $600. Rent increases after that did not exceed 3 percent. Plaintiff did not

2

receive any notice from defendant, or anyone else, that his unit was subject to the rent control ordinance.

In August 2017, defendant started eviction proceedings. Her action against plaintiff was resolved by an unlawful detainer stipulation and judgment, with defendant obtaining possession of the premises and paying plaintiff $19,000 for relocation expenses.[1] Before August 2017, plaintiff was not aware the rent stabilization ordinance applied to his residence.

On May 18, 2018, plaintiff filed this lawsuit. By the time of trial, the only cause of action remaining was the third cause of action for unlawful collection of rent and excessive collection of rent.

At trial, the facts we have described were established. Receipts for the amounts of rent plaintiff paid in 2011 ($10,950) and 2012 ($9,180 for the first 10 months) were placed in evidence. (The amounts varied from month to month, but averaged more than $900 a month.)

Defendant testified that the increase from $600 to $900 per month "was not an increase in rent," but rather "trying to catch up in the past unpaid rents." She also testified she sent plaintiff letters, starting in 2015, about the 3 percent rent increases "according to the rent control," and defendant was lying when he testified he did not know the unit was under rent control until 2017.

---

[1] The copies in the record of the stipulation and judgment are largely illegible. However, a trial court order describes the document, including that "[a]s a further condition of settlement, the parties stipulated to 'waive all other rights as against each other,' and '[Miguel A. Barboza's] rights under the lease or rental agreement [were] forfeited.' " (First brackets added.)

The trial court observed defendant was required to deliver a registration statement annually to plaintiff, and did not do so, continuing to accept rent during the entire time period. The trial court found the delayed discovery rule applied. The court credited plaintiff's testimony "that he did not find out about this" until the unlawful detainer action in August 2017. The court rejected defendant's testimony she sent letters to plaintiff, observing "she's failed to produce the letters," so the court could not tell whether they were sufficient to put plaintiff on notice his unit "should have been rent controlled." The court also did not credit defendant's testimony that the increase to $900 was to catch up on arrears in rent before 2011.

The court found the amounts paid in excess of $600 per month for 22 months was excess rent for which treble damages should be paid to plaintiff. The total excess rent was $6,930, so the court awarded damages of $20,790, plus attorney fees and costs.[2]

Judgment was entered on November 12, 2019, and defendant filed a timely appeal.

## DISCUSSION

As we indicated at the outset, we find no merit in defendant's contentions concerning the statute of limitations, failure of proof, or error in calculating damages. We preface our discussion with a brief summary of legal principles.

---

[2] For 2011, the excess rent paid was $3,750 ($10,950 (the aggregate amount plaintiff paid) minus $7,200 ($600 times 12)). For 2012, the excess rent paid was $3,180 ($9,180 (the aggregate amount paid for the first 10 months) minus $6,000 ($600 times 10)).

4

The rent stabilization ordinance "permits a landlord to impose a 'maximum adjusted rent' during a given period—determined by a baseline 'maximum rent' for a preceding period and an allowable adjustment, which is ordinarily a percentage of the baseline 'maximum rent.' " (*Carter v. Cohen* (2010) 188 Cal.App.4th 1038, 1044.) The ordinance makes it unlawful "to demand, accept or retain more than the maximum adjusted rent permitted" by the ordinance or regulations adopted pursuant to the ordinance. (§ 151.04, subd. A.) The ordinance obliges landlords to register rental units, and provides that "after April 30, 1983, no landlord shall demand or accept rent for a rental unit without first serving a copy of a valid registration or annual registration renewal statement on the tenant of that rental unit." (§ 151.05, subd. A.) The rent stabilization ordinance also provides remedies for demanding or accepting excessive rent, including treble damages, plus attorney fees and costs. (§ 151.10, subd. A.)[3]

---

[3] "Any person who demands, accepts or retains any payment of rent in excess of the maximum rent or maximum adjusted rent in violation of the provisions of this chapter, or any regulations or orders promulgated hereunder, shall be liable in a civil action to the person from whom such payment is demanded, accepted or retained for damages of three times the amount by which the payment or payments demanded, accepted or retained exceed the maximum rent or maximum adjusted rent which could be lawfully demanded, accepted or retained together with reasonable attorneys' fees and costs as determined by the court." (§ 151.10, subd. A.)

## 1.    The Statute of Limitations

Defendant contends a three-year statute of limitations applies to plaintiff's excessive rent claim (Code Civ. Proc., § 338, subd. (a)), and a one-year statute applies to the penalty trebling the damages (Code Civ. Proc., § 340, subd. (a)).  Since the excessive rent claim is for rents paid in 2011 and 2012, the claims would be barred unless the discovery rule applies.  The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397.)

Here, the trial court credited plaintiff's testimony he did not discover his unit was subject to the rent stabilization ordinance until August 2017, when defendant filed the unlawful detainer action against him.  The court found plaintiff "met his burden of showing delayed discovery because he never got a registration or annual certificate."

Defendant insists the discovery rule does not apply "for several reasons."  First, defendant says the rule does not apply to a landlord-tenant case but cites no authority to support that proposition.  Second, defendant contends plaintiff did not plead in his complaint any facts relating to the time and manner he discovered his cause of action or his inability to discover it earlier.  But this case was decided after a trial, not on demurrer, so the question is what the evidence showed.  (Defendant demurred to the cause of action for excessive rent, and the court overruled the demurrer, but defendant did not demur based on the statute of limitations.)  And finally, defendant asserts the rent increase from $600 to $900 "would put a *reasonable* person on notice to investigate."  Defendant does not explain why a rent

6

hike would put a tenant on notice that his unit is subject to rent control.

In short, defendant cites neither evidence nor authority to support her claim the trial court erred in applying the discovery rule to toll the statute of limitations.

## 2. The Claimed Failure of Proof

Defendant next argues plaintiff did not prove the elements of his excessive rent claim. She makes an elaborate argument that the evidence does not establish the original date of the lease and the original amount of rent under the lease. Therefore, she claims, the "maximum rent" and "maximum adjusted rent" cannot be calculated, so there can be no determination the rent was excessive. Any uncertainty as to the original date of the lease and original monthly rent amounts is due to the fact defendant did not register the unit as required by law. There is substantial evidence plaintiff had been living at the premises since at least 2008, paying $600 a month in rent, and that defendant raised the rent to $900 in 2011—a 50 percent increase. No more is required. (See *Carter v. Cohen, supra,* 188 Cal.App.4th at pp. 1046–1049 [affirming jury award of excessive rent for unregistered guesthouse].)

Defendant appears to believe that *Lyles v. Sangadeo-Patel* (2014) 225 Cal.App.4th 759 (*Lyles*) supports her claim, but it does not. The plaintiff in *Lyles* sought restitution of all the rent she had paid for all the years of her tenancy, as well as treble damages (*id.* at p. 763), arguing her "maximum rent" was zero because the landlord failed to serve her with registration statements as required by section 151.05, subdivision A. (*Lyles,* at p. 766.) *Lyles* rejected that claim. The court explained, among other points, that the tenant's remedy for the landlord's violation

7

was "to withhold rent to which the landlord is otherwise entitled" until the landlord complies with the requirement. (*Lyles,* at pp. 766–767; see § 151.11, subd. B.) Once the landlord complies, "the tenant becomes obligated to pay the current rent and any back rent withheld." (*Lyles,* at p. 765; see § 151.11, subd. B.)

In short, *Lyles* is not a case involving excessive rent. As the court explained, the penalty provision (§ 151.10, subd. A) "applies only when a landlord 'demands, accepts or retains any payment of rent in excess of the maximum rent . . . in violation of [the ordinance].' " (*Lyles, supra,* 225 Cal.App.4th at p. 767.) Plaintiff's claim here is for excessive rent, and *Lyles* is of no help to defendant.

**3.     The Damages Calculation**

Defendant makes similarly inapt arguments to challenge the trial court's calculation of damages. Again, defendant cites the complaint and not the evidence adduced at trial. Then defendant presents a chart purporting to show the maximum rent in 2005 and the maximum adjusted rent in the years 2006 to 2012—none of which has any basis in the evidence.

In sum, defendant has failed to give a full and fair summary of the record and has failed to make reasoned arguments supported by legal authorities to support her claims of error.

<div align="center">

**DISPOSITION**

</div>

The judgment is affirmed. Plaintiff shall recover his costs on appeal.

GRIMES, J.

WE CONCUR:


BIGELOW, P. J.          STRATTON, J.

<div align="center">

8

</div>