Filed 2/22/24  Adelman v. Adelman CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| GARRET ADELMAN et al., | B330918 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. Nos. 18STLC02914, BV033912) |
| v. | |
| JEROME ADELMAN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Affirmed.

Tamer Law Corp. and Steven M. Tamer for Plaintiffs and Appellants.

Law Offices of Raymond Hovsepian and Raymond Hovsepian for Defendant and Respondent.

———————————

Plaintiffs Garret and Justin Adelman appeal from a trial court order sustaining a demurrer to the first count of their complaint against defendant Jerome Adelman, as Trustee of the Delores Adelman Separate Property Trust. We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

We take the relevant facts from the operative initial complaint and attached exhibit. (*Rufini v. CitiMortgage, Inc.* (2014) 227 Cal.App.4th 299, 302; *Hill v. Roll Internat. Corp.* (2011) 195 Cal.App.4th 1295, 1300.)

Plaintiffs lived in a guest house owned by Delores Adelman from June 2006 to November 2015.[1] They paid Delores a total of $84,300 in rent. Delores passed away in October 2014. Defendant is the trustee of her estate.

In December 2014, plaintiffs filed a complaint with the Los Angeles Housing and Community Investment Department (HCIDLA) requesting an investigation of an illegal eviction. In January 2015, the HCIDLA issued a letter addressed to Delores stating the guest house was subject to the Los Angeles Rent Stabilization Ordinance (RSO) and explaining some of the ordinance's procedures and requirements. The letter did not assert Delores had violated the RSO.

In January 2016, plaintiffs filed suit against Delores, her estate, and Jerome.[2] Plaintiffs' complaint alleged the defendants violated Los Angeles Municipal Code section 151.05,

---

[1] For the sake of clarity we refer to some of the parties by first name only.

[2] Only Jerome is a party to this appeal.

subdivision A, by collecting rent " 'without first paying annual registration fees for their rental units and obtaining a valid rental unit registration certificate from the HCIDLA.' "[3] The first cause of action alleged plaintiffs were entitled to disgorgement of the $84,300 in rent they had paid during their tenancy, as well as $252,900 in treble damages. It further alleged these remedies were available under section 151.05, subdivision A.[4]

Defendant demurred to the complaint, arguing in part that the first cause of action failed to state a claim. Citing *Lyles v. Sangadeo-Patel* (2014) 225 Cal.App.4th 759 (*Lyles*), defendant argued a landlord's failure to register does not entitle a tenant to disgorgement of all rent paid or treble damages under the RSO. The court sustained the demurrer to the first cause of action without leave to amend. The court later granted summary judgment of the complaint's remaining cause of action. This appeal followed.

### DISCUSSION

I. **The RSO Does Not Provide for Disgorgement of All Rent Paid or Treble Damages for Failure to Comply with Registration Requirements**

" 'On review from an order sustaining a demurrer, "we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose. [Citations.]"

---

[3] All undesignated code references are to the Los Angeles Municipal Code.

[4] The complaint included a second cause of action for violation of section 151.09, subdivision G, seeking relocation fees. That claim is not at issue in this appeal.

3

[Citation.]' " (*Tucker v. Pacific Bell Mobile Services* (2012) 208 Cal.App.4th 201, 210.) "The court does not, however, assume the truth of contentions, deductions or conclusions of law." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

Section 151.05, subdivision A provides, in relevant part, that "no landlord shall demand or accept rent for a rental unit without first serving a copy of a valid registration or annual registration renewal statement on the tenant of that rental unit." Under section 151.10, subdivision A, any landlord who collects rent "in excess of the maximum rent . . . shall be liable in a civil action . . . for damages of three times the amount by which" the rent exceeds the maximum legal rent.

Plaintiffs contend that Delores's failure to register the guest house in violation of section 151.05, subdivision A, entitled them to the return of all rent paid. They further argue that, due to the failure to register, the "maximum rent" allowed under section 151.10, subdivision A was zero, thus they are entitled to three times the amount of rent they paid.

The arguments plaintiffs make here were considered and rejected in *Lyles*. In *Lyles*, the plaintiff alleged her landlord failed to serve her with a copy of a valid registration statement pursuant to section 151.05, subdivision A. (*Lyles*, *supra*, 225 Cal.App.4th at p. 763.) As in this case, the plaintiff argued the landlord's noncompliance with section 151.05, subdivision A prohibited the landlord from charging any rent at all. (*Id.* at p. 766.) Therefore, the plaintiff argued, the maximum rent allowed under section 151.10, subdivision A was zero, and she sought disgorgement of all rent paid and treble damages. (*Ibid*.) The trial court sustained a demurrer to the complaint.

4

On appeal, the *Lyles* court rejected the plaintiff's arguments. (*Lyles*, *supra*, 225 Cal.App.4th at p. 766.) The court explained that section 151.05, subdivision A "does not disentitle a landlord to rent for a period during which the landlord is not in compliance" with the registration statement requirements. (*Ibid*.) "Instead, it concerns the timing of a landlord's 'demand' for or 'acceptance' of rent to which the landlord remains entitled." (*Ibid*.) Section 151.11, subdivision B makes this clear as it "permits a tenant to 'withhold the payment of any rent otherwise lawfully due and owing' if the tenant's landlord has failed to comply" with the registration requirements. (*Ibid*.) "Once such a noncompliant landlord complies with . . . section 151.05, subdivision A., however, the tenant becomes obligated to pay the current rent and any back rent withheld pursuant to . . . section 151.11, subdivision B. Thus, the tenant is permitted to withhold rent to which the landlord is otherwise entitled until the landlord complies with . . . section 151.05, subdivision A., at which time the tenant must pay the landlord all accrued rent." (*Id*. at pp. 766–767.)

The *Lyles* court further rejected the plaintiff's argument for treble damages. The court explained that "[t]he penalty provision of . . . section 151.10, subdivision A. applies only when a landlord 'demands, accepts or retains any payment of rent in excess of the maximum rent . . . in violation of the provisions of this chapter.' The maximum rent is that allowed by the rent control provisions of the [RSO]." (*Lyles*, *supra*, 225 Cal.App.4th at p. 767.) Although the landlord may have violated the ordinance by accepting the rent while in violation of the registration statement service requirement, that did not mean the landlord was not "ultimately entitled" to the rent. (*Ibid*.) The *Lyles* court further

5

reasoned that allowing tenants to recover all rent paid based on a landlord's failure to obtain and serve a registration "would be an absurd and unreasonable consequence." (*Id*. at p. 768.)

We agree with the *Lyles* court's reasoning. While section 151.11, subdivision B allowed plaintiffs to withhold rent until defendants complied with the registration requirement, nothing in the RSO authorizes the disgorgement remedy they seek.[5] Further, while the failure to comply with section 151.05, subdivision A affected the permissible timing of defendants' acceptance of rent, it did not prohibit the charging of rent entirely, thereby rendering the maximum rent zero. Section 151.10, subdivision A's treble damages remedy does not apply.

Like the *Lyles* court, we also reject plaintiffs' argument that *Carter v. Cohen* (2010) 188 Cal.App.4th 1038 (*Carter*) suggests a different result. Plaintiffs argue *Carter* stands for the proposition that when a landlord violates section 151.05, subdivision A, "*any* amount [of rent] collected" exceeds the maximum rent allowed under the RSO. Plaintiffs misread *Carter*. *Carter* considered only the "narrow" question of whether the landlord before it was subject to the RSO at all. (*Id*. at p. 1046.) Although, as here, the plaintiff in *Carter* sought

---

[5]    Plaintiffs contend *Lyles* is inapplicable because there the plaintiff alleged the landlord failed to serve a registration statement on her, whereas here, plaintiffs allege defendants failed to register the property at all. We do not find this to be a meaningful distinction. Whether a landlord fails to procure a registration statement or fails to serve a copy of a valid registration statement on a tenant, the remedy available to a tenant under the RSO is the withholding of rent pursuant to section 151.11.

"disgorgement of the entire rent she had paid" and treble damages, the trial court determined she was not entitled to either remedy and she did not appeal those rulings. (*Id*. at p. 1042.) The reviewing court thus expressly stated it was not addressing whether the plaintiff could "recover her rent payments in their entirety" or treble damages, the very arguments plaintiffs raise in this case. (*Id*. at pp. 1046, 1042–1043.)

Plaintiffs rely on a footnote in *Carter* which mentioned the landlord's argument that since the RSO defines "maximum rent" by reference to "legal" rent, the ordinance did not bar landlords from collecting rent arising from unlawful rental agreements. (*Carter*, *supra*, 188 Cal.App.4th at p. 1051, fn. 7.) In this context, the court suggested that the RSO's definition of maximum rent implied that when there is no legal rent the baseline maximum rent is $0. However, the court further indicated that the issue was not before it and it concluded only that the definition of maximum rent did not exempt the landlord from the RSO's prohibition against collecting excess rent. The discussion of a maximum rent of $0 was therefore dicta and, as the *Lyles* court concluded, the *Carter* court did not reach the issues of disgorgement of rent or treble damages as a result of a landlord's failure to comply with the RSO's registration requirements. (*Ibid*.; *Lyles*, *supra*, 225 Cal.App.4th at pp. 767–768.)

Plaintiffs propose no other interpretation of the RSO that would entitle them to the relief they seek in the first cause of action. The trial court properly sustained the demurrer.[6]

---

[6] For the first time in their reply brief, plaintiffs appear to argue their cause of action under section 151.05, subdivision A was viable because the lease was void and the building

7

## II. Plaintiffs Have Not Established that the Trial Court Abused Its Discretion in Denying Leave to Amend

"If the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.]  If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred."  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  Plaintiffs have the "burden of proving there is a reasonable possibility of amendment."  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43 (*Rakestraw*).)  "The assertion of an abstract right to amend does not satisfy this burden."  (*Ibid*.)

Plaintiffs have not met their burden here.  In opposing the demurrer, plaintiffs did not explain how they could amend the complaint to remedy its deficiencies.[7]  Similarly, on appeal,

---

substandard.  They also contend the "reasonable value" of the use of the premises was less than what they paid in rent.  Plaintiffs fail to connect these arguments to their claim that the defendants are liable under the RSO for failing to register the guest house.  "Points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before."  (*Campos v. Anderson* (1997) 57 Cal.App.4th 784, 794, fn. 3.)  Plaintiffs have not shown such good cause.

[7]   No reporter's transcript was included in the record on appeal, and thus there is no record of what occurred during the demurrer hearing or the trial court's reasoning in denying leave to amend.  This deficiency further prevents plaintiffs from establishing the trial court abused its discretion.  (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483

plaintiffs assert that an amendment could "cure any defects that the court finds." Yet the only specific amendment plaintiffs propose would allege "descriptions of the repairs needed and what made the premises substandard." These changes would not remedy the fundamental legal deficiency in plaintiffs' complaint. Neither section 151.05, subdivision A nor section 151.10, subdivision A identifies any remedy for failure to make repairs, and plaintiffs have not explained how such descriptions could support a claim for disgorgement of all rent paid.

Plaintiffs have not offered "allegations to support the possibility of amendment" or "legal authority showing the viability of new causes of action." (*Rakestraw*, *supra*, 81 Cal.App.4th at p. 44.) We cannot find the trial court abused its discretion in denying leave to amend.

---

[appellant's burden to provide adequate record; reporter's transcript indispensable in many cases involving abuse of discretion standard of review].)

**DISPOSITION**

The judgment is affirmed.  Defendant to recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.